**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOBITA M. R., | Case No. 26-cv-392 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County*, | |
| Respondents. | |

Petitioner Jobita M. R. is a citizen of El Salvador who entered the United States without inspection in November 2019 and resides in Bloomington, Minnesota. ECF No. 1 ¶¶ 15–16. She filed an Application to Register Permanent Residence or Adjust Status in November 2022 and is authorized to work in the United States. *Id.* ¶ 16. Other than a minor traffic violation, she has no criminal history. *Id.* ¶ 20.

Jobita M. R. was arrested by immigration officials on January 11, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 21–22. She asserts that Respondents (the "Government") have detained her pursuant to the mandatory

detention provisions of 8 U.S.C. § 1225(b)(2).  *See id.* ¶¶ 35, 57.  Jobita M. R. contends that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See id.* ¶¶ 39, 55.

This Court has concluded that noncitizens similarly situated to Jobita M. R. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Jobita M. R. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring the Government to conduct a bond hearing.  *See* ECF No. 1 at 15.

This Court will not depart from its reasoning in *Robert M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Petitioner Jobita M. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Thursday, January 22, 2026, certifying the true cause and proper duration of Jobita M. R.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Jobita M. R.'s detention in light of the issues raised in her Petition;

      b.      A reasoned memorandum of law and fact explaining the Government's legal position on Jobita M. R.'s claims;

      c.      The Government's recommendation on whether an evidentiary hearing should be conducted; and

      d.      A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*;

3. If Jobita M. R. intends to file a reply to the Government's answer, she must do so on or before Tuesday, January 27, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ENJOINED** from moving Jobita M. R. outside of the District of Minnesota during the pendency of these proceedings, so that Jobita M. R. may consult with her counsel and participate in this litigation while the Court considers her Petition; and

6. If Jobita M. R. has been removed from the Minnesota, the Government is **ORDERED** to immediately return Jobita M. R. to Minnesota.

Dated: January 16, 2026  
Time: 10:24 p.m.

*s/ DRAFT*  
Laura M. Provinzino  
United States District Judge

---

[1]     The Court reserves the right to grant the Petition before Jobita M. R. files her reply brief if the Government's answer plainly demonstrates that Jobita M. R. is entitled to relief.