UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOBITA M. R., | Case No. 26-cv-0392 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, *Acting Director of the St. Paul Field Office of Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County*, | |
| Respondents. | |

Maria Miller, **Martin Law, Bloomington, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Jobita M. R. is a native and citizen of El Salvador who entered the United States without inspection in November 2019 and resides in Bloomington, Minnesota. *See* ECF No. 1 ¶¶ 15–16. Jobita M. R. was arrested by immigration officials on January 11, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 21–22. Jobita M. R. alleges that she is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates her detention, *see id.* ¶¶ 35, 37, but that she is not subject to

mandatory detention under 8 U.S.C. § 1225(b)(2) and instead is entitled to a bond hearing under 8 U.S.C. § 1226(a), *see id.* ¶¶ 39, 55.

Jobita M. R. petitioned for a writ of habeas corpus, contending that she falls within a class of noncitizens eligible for bond. *See* generally ECF No. 1. This Court has already concluded that similarly situated noncitizens are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).

The Court ordered the Government to answer the petition no later than January 22, 2026. ECF No. 4. The Government timely responded and agrees with Jobita M. R. that her case is not legally or factually distinguishable from those this Court has already decided. ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny Petitioner's habeas petition." *Id.*

Because nothing distinguishes Jobita M. R.'s case from those the Court has previously decided, the Court concludes that Jobita M. R. is entitled to a bond hearing under Section 1226(a).

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Jobita M. R.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Jobita M. R. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is ordered to provide Jobita M. R. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of her release no later than January 26, 2026.

    c. If the Government does not provide Jobita M. R. with a bond redetermination hearing as required by this Order, she must be immediately released from detention.

    d. No later than January 27, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Jobita M. R.'s release.

Dated: January 18, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge